DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} The juvenile court adjudicated J.C. a delinquent child in 2002 after he stipulated to being a serious youthful offender and admitted to two counts of rape. The court suspended his adult criminal sentence, pending successful completion of his juvenile delinquency disposition. The court told J.C. that he would have to register as a sexual offender and that it would hold a classification hearing near his release date. In 2007, the State told J.C. that, under the Adam Walsh Act, there was a new classification system, and that, as a serious youthful offender, he would be automatically classified as a Tier III Public Registry Qualified Juvenile Offender Registrant. J.C. challenged the constitutionality of the Adam Walsh Act and moved to vacate his serious youthful offender disposition. At the time of J.C.'s release, the juvenile court held a hearing regarding his sexual offender classification, his challenge to the Adam Walsh Act, and his motion to vacate. The State did not contest J.C.'s motion to vacate, and the juvenile court *Page 2 
granted his motion. The court denied his challenge to the Adam Walsh Act, however, and classified him as a Tier III sex offender with no community notification under Section 2152.83(B)(1) of the Ohio Revised Code. This Court affirms because the juvenile court exercised proper discretion when it classified J.C. under Section 2152.83 and the Adam Walsh Act is not unconstitutional.
 EXERCISE OF DISCRETION {¶ 2} J.C.'s first assignment of error is that the juvenile court abused its discretion when it classified him as a Tier III juvenile sex offender. He has argued that the court incorrectly failed to exercise discretion because it thought that his classification as a Tier III offender was mandatory.
 {¶ 3} Section 2152.83(B)(1) of the Ohio Revised Code provides that the juvenile court may classify a child as a juvenile offender registrant "at the time of disposition of the child," or, "if [it] commits the child . . . to the custody of a secure facility," "at the time of the child's release from the secure facility." Although the juvenile court adjudicated J.C. a delinquent child in 2002, it postponed his sexual offender classification until he was released from custody. Accordingly, when it classified J.C. as a Tier III juvenile sex offender in July 2008, it was proceeding under Section 2152.83(B)(1).
 {¶ 4} This Court has recognized that a juvenile court has "fulldiscretion to determine whether to classify a delinquent child as a Tier I, Tier II, or Tier III offender" when it is classifying a child under Section 2152.83. In re G.E.S., 9th Dist. No. 24079, 2008-Ohio-4076, at ¶ 37 (emphasis in original) (citing R.C. 2950.01(E)-(G)). J.C.'s argument fails because, at his classification hearing, the juvenile court said that it was exercising its discretion when it classified him as a Tier III offender. The court said that it was "going to exercise [its] discretion *Page 3 
based on a review of [J.C.]'s official file and the information received from the Department of Youth Services and order that [J.C.] be classified as a Tier III sex offender based upon the offense." While the court's written order stated only that "[i]t is further determined that [J.C.] is a Tier III sex offender," there is no evidence that the court thought that the Tier III classification was mandatory. J.C.'s first assignment of error is overruled.
 CONSTITUTIONAL ISSUES {¶ 5} J.C.'s second and third assignments of error raise constitutional challenges to the Adam Walsh Act. He has argued that the Act violates his due process rights, the Ex Post Facto Clause of the United States Constitution, and the Retroactivity Clause of the Ohio Constitution. He concedes, however, that this Court has previously rejected those arguments. See In re G.E.S., 9th Dist. No. 24079,2008-Ohio-4076, at ¶ 17, 37, 41. Accordingly, his second and third assignments of error are overruled.
 CONCLUSION {¶ 6} The juvenile court did not abuse its discretion or violate the United States or Ohio Constitutions when it classified J.C. as a Tier III juvenile sex offender under Section 2152.83. The judgment of the Summit County Court of Common Pleas Juvenile Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 4 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
CARR, J. WHITMORE, J. CONCUR *Page 1